IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARREN RADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1103-KHV |
| FNU BROWN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On March 23, 2012, Darren Rader filed suit pro se against Officer Brown, #1274, Officer Holtz, #1580, the City of Wichita, Sergent B. Stevens, #1552, the State of Kansas, Judge Jeffery E. Goering, Eric D. Bruce, Tow Truck Driver, Interstate Wrecker Service, Rich Blue and White Eagle Credit Union for violation of constitutional rights with regard to the repossession of his motor vehicle. See Complaint (Doc. #1). The Clerk did not issue a summons and plaintiff has not served the summons and complaint.[1] On September 7, 2012, the Court ordered plaintiff to show cause in writing on or before September 21, 2012, why it should not dismiss his claims with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b). Order To Show Cause (Doc. #5).

On September 14, 2012, plaintiff responded to the show cause order. He asked for an

---

[1] Rule 4(m), Fed. R. Civ. P., states as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"extention [sic] for my summons." Response To Order To Show Cause (Doc. #5). He stated that he met with counsel and discovered that his complaint needed amending, and that he would file an amended complaint before October 1, 2012. Id. To date, however, plaintiff has not filed an amended complaint.

Rule 41(b) states as follows:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the language of Rule 41(b) appears to require a motion from a party, the Court has inherent authority to sua sponte dismiss a case with prejudice for lack of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 632-33 (1962); Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1151 (10th Cir. 2007). Before dismissing a case with prejudice, however, the Court must consider the following factors: (1) the degree of actual prejudice to defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007) (quotations and citations omitted).

As to the first factor, plaintiff has not served defendants so it appears that they have not suffered actual prejudice.

As to the second factor, plaintiff's actions in filing but not prosecuting this case have required the Court to expend limited judicial resources in issuing the order to show cause and this ruling dismissing the case.

As to the third factor, plaintiff stated that he would file an amended complaint by October 1, 2012, but more than 30 days has passed and he has not done so.

As to the fourth factor, the Court ordered plaintiff to show cause in writing why it should not dismiss the case with prejudice, but did not specifically state that his failure to do so would result in dismissal with prejudice.

As to the fifth factor, the Court is unable to determine on this record the efficacy of lesser sanctions.

Considering these factors and the severity of a dismissal with prejudice, the Court will dismiss plaintiff's claims without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's claims be and hereby are **DISMISSED without prejudice**.

Dated this 19th day of November, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge